**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | | |
|---|---|---|
| JANIE SEGARS, on behalf of herself and Others similarly situated, | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. 3:21-cv-00342 |
| HUMANA INC. | § § § | |
| and | § § | |
| COTIVITI, INC. | § § § | |
| Defendants. | § § | |

<u>**DEFENDANTS' JOINT MOTION TO STAY OR, ALTERNATIVELY, TRANSFER PURSUANT TO THE FIRST-TO-FILE RULE**</u>

Defendants Humana Inc. ("Humana") and Cotiviti, Inc. ("Cotiviti") hereby respectfully request that the Court stay or, alternatively, transfer the instant action filed by Plaintiff Janie Segars ("Plaintiff" or "Segars") pursuant to the first-to-file rule and in support thereof respectfully show as follows:

**I.    INTRODUCTION**

The instant action should be stayed or transferred pursuant to the first-to-file rule. A nearly identical class action is already pending in the Middle District of Florida, which was filed 20 days prior to the instant action. There is a substantial overlap of the parties, facts, issues, and claims involved in the two litigations. Among other things, both disputes: (1) are overlapping putative class actions brought against Humana and one of its contractors, Cotiviti, by individuals residing in the United States whose medical records were allegedly disclosed to unauthorized individuals by a subcontractor of Cotiviti; (2) arise from the same data incident disclosed by Humana on or

about March 1, 2021, in which some of its members' medical records were placed on a Google Drive folder by an employee of Cotiviti's subcontractor, Visionary; (3) seek to certify the same nationwide class of individuals who were impacted by the data incident; (4) assert claims for invasion of privacy, negligence, and breach of implied contract; and (5) seek monetary damages, injunctive relief, attorneys' fees, and costs. Indeed, Plaintiff would be a member of the putative class in the Florida litigation, and all of the claims asserted and relief sought in the instant action may be redressed in the earlier-filed action.

Given the similarities of the two actions, this Court should stay or transfer the instant action pursuant to the first-to-file rule. Allowing the substantially similar, first-filed action pending in the Middle District of Florida to proceed to judgment is appropriate, as it would conserve the parties' and the Court's resources—the primary purpose of the first-to-file rule—and avoid potentially conflicting rulings on identical issues, involving substantially similar, if not identical, parties.

## II.    FACTUAL BACKGROUND

As alleged by Plaintiff, Humana is a health insurance provider. Pl.'s Compl. ("*Segars* Compl.") ¶ 15. According to the Complaint, in connection with providing insurance products, Humana "has access to, and regularly maintains in the ordinary course of its business, extensive medical records of its customers." *Id.* at ¶ 16. Plaintiff further alleges that "at some point before October 2020, Humana entered into a business arrangement with Defendant Cotiviti" and that "as part of that arrangement, 'Cotiviti provides systems that allow Humana to contact health care providers and request medical records necessary to verify data reported to [Centers for Medicare and Medicaid Services].'" *Id.* at ¶ 19. Plaintiff also alleges that Cotiviti contracts with Visionary "to review the collected medical records" and that "Visionary, by way of Cotiviti and Humana,

had access to the medical records of Humana customers, including Plaintiff and class members."
*Id*. at ¶ 20.

### A.    The First-Filed *Farmer* Class Action.

On March 1, 2021, Humana disclosed a data incident in which some of its members' medical records were improperly disclosed to unauthorized individuals. Approximately three months later, on May 6, 2021, Plaintiff Steven K. Farmer ("Farmer") filed suit in the Circuit Court for the Twelfth Judicial Circuit, in and for Sarasota County, Florida, No. 2021-CA-002175 (the "*Farmer* Class Action"), asserting claims on behalf of himself and two putative classes. *See* Class Action Complaint ("*Farmer* Compl."), *Farmer v. Humana Inc., et al.*, No. 8:21-cv-01478 (M.D. Fla. June 17, 2021), ECF No. 1-1.

Specifically, the Complaint in *Farmer* alleges that he received a Notice of Privacy Incident from Humana, indicating that Humana was informed that from October 10 through December 10, 2020, an employee of Visionary, a subcontractor hired by Humana's vendor, Cotiviti, improperly used access to Farmer's and other Humana members' personal identifiable information ("PII") and protected health information ("PHI") and placed such information on a Google Drive account to which unauthorized third parties may have had access, in furtherance of a personal coding business endeavor (the "Data Incident"). *Farmer* Compl. ¶ 25. Farmer alleges that as a result of the Data Incident, his and the putative class members' PII and PHI were disclosed to unknown third parties. *Id*.

Based on these allegations, Farmer asserts on behalf of himself and two putative classes[1] claims against Humana and Cotiviti for negligence, breach of implied contract, invasion of

---

[1] Farmer seeks to represent a class comprised of individuals residing in the United States who were impacted by the Data Incident (the "Nationwide Class") and individuals residing in Florida who were impacted by the Data Incident ("Florida Class").

privacy, breach of confidence, and violation of the Florida Deceptive and Unfair Trade Practices Act (on behalf of the proposed Florida Class only). *See id*. The Nationwide Class includes the same putative class members at issue in the instant action and includes Plaintiff Segars. *Id*. ¶ 64.

On June 17, 2021, Humana and Cotiviti jointly removed the action to the Middle District of Florida pursuant to the Class Action Fairness Act ("CAFA"). *See* Defendants' Notice of Removal, *Farmer*, No. 8:21-cv-01478 (M.D. Fla. June 17, 2021), ECF No. 1. Pursuant to the Middle District of Florida's Local Rule 1.07(c), Humana filed a Notice of Related Action on June 21, 2021, notifying the court of the instant action. *See* Notice of Related Action, *Farmer*, No. 8:21-cv-01478 (M.D. Fla. June 21, 2021), ECF No. 6.

**B.    The Second-Filed Instant Action.**

The instant action was filed by Plaintiff Segars on May 26, 2021 (the "*Segars* Class Action"), 20 days after the *Farmer* Complaint was filed. *See Segars* Compl. Like the first-filed *Farmer* Class Action, the *Segars* Class Action alleges claims for negligence, invasion of privacy, and breach of implied contract based on the same Data Incident at issue in the *Farmer* Class Action, and seeks to bring a putative class action on behalf of the same nationwide class of individuals whose PII was allegedly disclosed to unauthorized third parties as a result of the Data Incident. *See Segars* Compl. ¶¶ 34, 62-95. Moreover, Plaintiff Segars' Complaint asserts the same claims asserted in the *Farmer* Class Action—invasion of privacy, negligence, and breach of implied contract—and similarly seeks monetary damages, injunctive relief, attorneys' fees, and costs. *See id*. ¶

In other words, the parties and claims at issue in the *Segars* Class Action are identical to those in the earlier-filed *Farmer* Class Action, albeit the *Farmer* Class Action asserts additional claims and includes a putative class comprised of Florida residents.

III.    **LEGAL ARGUMENT**

    A.    **The Court Should Stay, or Alternatively Transfer, the Instant Action under the First-to-File Rule.**

The Supreme Court has recognized that "considerations of '[wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" encourages "the general principle [] to avoid duplicative litigation" in federal courts. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Consistent with this general principle, courts in the Sixth Circuit routinely apply the first-to-file rule, "a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). It is therefore well established in the Sixth Circuit that under the first-to-file rule, "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Id.* (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)). The first-to-file rule "encourages comity among federal courts of equal rank" and "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Id.* (citations omitted); *see also Caraboolad v. Sun Tan City*, No. 3:19-cv-00444-CRS, 2020 U.S. Dist. LEXIS 12882, at *6-7 (W.D. Ky. Jan. 24, 2020) ("The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank").

Where the first-to-file rule applies, the Sixth Circuit has recognized that district courts can pursue a number of options to manage their dockets, including staying or transferring the second-filed action. *See, e.g., Baatz,* 814 F.3d at 795 (recognizing that staying the second-filed action "would probably be the most reasonable course of action"); *Heyman v. Lincoln Nat'l Life Ins. Co.,*

781 Fed. App'x 463, 478 (6th Cir. 2019) ("district court should have held the [second-filed] matter in abeyance pending final resolution of [first-filed] litigation"); *Caraboolad*, 2020 U.S. Dist. LEXIS 12882, at *7 (recognizing several options that district courts can pursue to manage second-filed cases, including staying or transferring cases). The first-to-file rule applies where two actions involve "nearly identical parties and issues." *Baatz,* 814 F.3d at 789 (citation omitted). Courts in the Sixth Circuit consider three factors in assessing whether the first-to-file rule applies: (1) the chronology of the events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake. *Id*; *Caraboolad*, 2020 U.S. Dist. LEXIS 12882, at *8. Where the three factors are satisfied, the first-to-file rule "presumptively applies" absent countervailing equitable considerations. *Baatz*, 814 F.3d at 789. Here, all three factors are satisfied.

### 1. *Chronology of Events*

The first factor "asks which of the two overlapping cases was filed first." *Baatz*, 814 F.3d at 790. Under Sixth Circuit law, "the dates to compare for chronology purposes … are when the relevant complaints are filed." *Id*; *Caraboolad*, 2020 U.S. Dist. LEXIS 12882, at *9; *Hubbard v. Papa John's Int'l, Inc.*, No. 5:19-cv-22-TBR, 2019 U.S. Dist. LEXIS 199383, at *8 (W.D. Ky. Nov. 15, 2019). Where the original complaint was filed in state court and then removed to federal court, the relevant date for purposes of the chronology-of-events factor is the date on which the state court complaint was filed. *Outdoor Venture Corp. v. Ronald Mark Assocs.*, No. 13-11-DLB, 2013 U.S. Dist. LEXIS 68993, at *36 (E.D. Ky. May 15, 2013) ("Under the first-to-file rule, the date that the original complaint is filed controls and, where the original complaint was filed in state court and then removed to federal court, the Court should refer to the date the complaint was filed in state court"); *Mack Indus. of Kalamazoo, LLC v. J3 Eng'g Grp., LLC*, No. 1:18-cv-1806, 2018

U.S. Dist. LEXIS 195109, at *11 (N.D. Ohio Nov. 15, 2018) (considering the date of state court filing, rather than date of removal, for purposes of the first-to-file rule).

Here, the complaint in the *Farmer* Class Action was initially filed in Florida state court on May 6, 2021.  The complaint in the instant *Segar* Class Action was filed on May 26, 2021—20 days after the *Farmer* Class Action.  Accordingly, the first-filed *Farmer* Class Action has priority over the instant action.

> **2.    *Similarity of the Parties***

The second element of the first-to-file rule, which looks to the similarity of the parties, also supports its application here.  This element is satisfied when "the parties in the two actions 'substantially overlap,' even if they are not perfectly identical."  *Caraboolad*, 2020 U.S. Dist. LEXIS 12882, at *9; *Paige v. Bitconnect Int'l Plc*, No. 3:18-CV-058-CHB, 2018 U.S. Dist. LEXIS 243455, at *6 (W.D. Ky. Nov. 9, 2018) (finding a sufficient similarity of parties and applying first-to-file rule where the defendants in the two actions were identical, and there was a substantial overlap in the putative classes).  Importantly, in the current class-action context, courts in the Sixth Circuit consider the ***putative classes*** of the first- and second-filed actions (and not the named plaintiffs in isolation) in determining whether the parties substantially overlap.  *Baatz*, 814 F.3d at 790 (considering the similarity in the putative classes for purposes of the first-to-file rule).  The fact that the classes are not yet certified is immaterial.  *See id.*; *Hubbard*, 2019 U.S. Dist. LEXIS 199383, at *9 ("In class actions, courts 'evaluate the identity of the parties by looking at overlap with the putative class,' even if one of the classes has not yet been certified.").  As the Sixth Circuit explained:

> The reason is fairly straightforward: if the opposite rule were adopted, the first-to-file rule might never apply to overlapping class actions as long as they were filed by different plaintiffs.  Litigating a class action requires both the parties and the court to expend

> substantial resources. Perhaps the most important purpose of the first-to-file rule is to conserve these resources by limiting duplicative cases. To serve this purpose, we must evaluate the identity of the parties by looking at the overlap with the putative class … Furthermore, if duplicative class actions were allowed to proceed unabated, the class members could be subject to inconsistent rulings.

*Baatz*, 814 F.3d at 791. The similarity of the parties is also not destroyed by the fact that the plaintiff from the second-filed action may opt out of any class in the first-filed action. *Id.; see also Heyman,* 781 Fed. App'x at 477. "Where [one] class is included in the [second] class, the plaintiffs substantially overlap, even if the [second class] has 'additional members.'" *Caraboolad*, 2020 U.S. Dist. LEXIS 12882, at *9-10 (internal quotations and citations omitted).

Here, the parties in the first-filed *Farmer* Class Action and the second-filed *Segars* Class Action are nearly identical. First, the complaints in both actions name the same two defendants: Humana and Cotiviti. Second, the putative classes substantially overlap, as the class pled in the instant *Segars* Class Action is identical to the Nationwide Class alleged in the *Farmer* Class Action:

| **Putative Class in the *Segars* Class Action** | **Putative Classes in the *Farmer* Class Action** |
|---|---|
| All persons in the United States who are or were customers of Humana, Inc., and whose medical information was placed on a Google Drive by Visionary Medical Systems, Inc. on or after October 12, 2020. | Nationwide Class: All individuals who reside in the United States and whose PII was compromised in the data breach that is the subject of the Notice of Privacy Incident that Humana sent to Plaintiff on or around March 1, 2021. |
| | Florida Class: All individuals who reside in Florida and whose PII was compromised in the data breach that is the subject of the Notice of Privacy Incident that Humana sent to Plaintiff on or around March 1, 2021. |

*See Segars* Compl, ¶ 41; *Farmer* Compl. ¶ 64.

The putative class in the *Segars* Class Action and the Nationwide Class in the *Farmer* Class Action both include all persons in the United States "whose medical information was placed on a Google Drive by Visionary Medical Systems, Inc. on or after October 12, 2020"—as these are the individuals "whose PII was compromised in the data breach that is the subject of the Notice of Privacy Incident that Humana sent to [Farmer] on or around March 1, 2021."  Indeed, Segars would be a member of the proposed Nationwide Class in the *Farmer* Class Action.  Accordingly, there is a sufficient similarity of the parties in the two actions, as they involve the *same parties*. *See Paige*, 2018 U.S. Dist. LEXIS 243455, at *5-6 (finding sufficient similarity of the parties where a putative class had "substantial overlap with – if not actually be included within – the putative class in the [first-filed] Action"); *Caraboolad*, 2020 U.S. Dist. LEXIS 12882, at *9-11 (finding that the similarity-of-the-parties factor was satisfied where two putative TCPA classes included definitions that were "substantively identical").

### 3.    *Similarity of the Issues*

Finally, there is sufficient similarity of issues between the two actions.  "Just as with the similarity of the parties factor, the issues need only to substantially overlap in order to apply the first-to-file rule." *Baatz*, 814 F.3d at 791.  "The issues need not be identical, but they must 'be materially on all fours' and 'have such an identity that a determination in one action leaves little or nothing to be determined in the other.'" *Id.* (citation omitted); *see also Heyman,* 781 Fed. App'x. at 478 ("Although not identical in all respects, the claims alleged in the [second-filed] and the [first-filed] federal lawsuits are 'materially on all fours,' and the resolution of one case necessarily would leave 'little or nothing to be determined' in the other.") (quoting *Baatz*, 814 F.3d at 791).  "[T]he presence of additional issues does not necessarily preclude a finding of substantial similarity where 'the core claim is the same.'" *Hubbard*, 2019 U.S. Dist. LEXIS 199383, at *11.

There is substantial overlap of the issues in the *Segars* Class Action and the *Farmer* Class Action, as both concern the same Data Incident disclosed by Humana on March 1, 2021. *See Segars* Compl. ¶¶ 1-3, 19-23; *Farmer* Compl. ¶¶ 3-4, 24-25. Indeed, both actions assert claims for invasion of privacy, negligence, and breach of implied contract, albeit the *Farmer* Class Action asserts additional claims for breach of confidence and violations of the Florida Deceptive and Unfair Trade Practices Act. *See Segars* Compl. ¶¶ 62-95; *Farmer* Compl. ¶¶ 80-151. What is more, both actions seek monetary damages, attorneys' fees, and injunctive relief. *See Segars* Compl., Prayer for Relief; *Farmer* Compl., Prayer for Relief.

Courts in the Sixth Circuit have found that the similarity-of-issues factor is satisfied even where the claims in two actions arise under different state laws. *See Caraboolad*, 2020 U.S. Dist. LEXIS 12882, at *11-13 (finding sufficient similarity of issues where the claims were asserted under different laws, but arose out of the same text messages).

For example, in *Hubbard*, the district court applied the first-to-file rule notwithstanding that the complaints asserted claims under different minimum wage laws. *Hubbard*, 2019 U.S. Dist. LEXIS 199383, at *14-18. There, the plaintiff and the putative class members comprised of delivery drivers brought suit for alleged under-reimbursements for driving-related expenses. *Id.* at *2-3. Defendant filed a motion to stay under the first-to-file rule, arguing that the claims were substantially similar to those asserted in an earlier-filed action in the Southern District of New York. *Id.* at *3-4. The court found the first-to-file rule applicable, reasoning that the "complaints allege nearly identical facts in support of their claims." *Id.* at *16. It further reasoned that the issues were sufficiently similar, as "all of the claims are based on the theory that [defendant] failed to adequately reimburse delivery drivers for expenses, thereby paying delivery drivers below minimum wage." *Id.* at *16-17. And although the second-filed action asserted additional claims,

the causes of action arose "under the same core theory" and sought substantially similar relief. *Id*. at *17. The court specifically noted that "failing to apply the first-to-file rule in this situation would defeat the purpose of the rule," as the same issue would be simultaneously before two courts. *Id*. "This would present the possibility of inconsistent judgments and would frustrate the legitimate aim of preserving judicial economy." *Id*.

The same reasoning and result should apply here, as both the *Segars* Class Action and *Farmer* Class Action plead virtually identical facts and rely on the "same core theory"—that Plaintiffs and the respective putative class members were injured as a result of the alleged Data Incident. *See also Caraboolad*, 2020 U.S. Dist. LEXIS 12882, at *13 (applying first-to-file rule where the "theory of liability" in two actions was "identical"). Proceeding separately would require the defendants to litigate the same issues in this Court and in the Middle District of Florida, necessitating duplicative discovery and briefing at the expense of judicial economy, frustrating the purpose of the first-to-file rule. Further, such a result would create the risk of inconsistent judgments.

Accordingly, all three elements of the first-to-file rule are satisfied.

**B.      No Equitable Considerations Mandate Against Applying the First-to-File Rule.**

Although courts occasionally will decline to apply the first-to-file rule even when all three factors are satisfied, that only happens in "extraordinary circumstances"—such as where there is evidence of "inequitable conduct, bad faith, or forum shopping." *Baatz*, 814 F.3d at 792; *see also Hubbard*, 2019 U.S. Dist. LEXIS 199383, at *18. And "[w]hile the application of the first-to-file rule is not a strict mandate, 'deviations from the rule should be the exception, rather than the norm.'" *Caraboolad*, 2020 U.S. Dist. LEXIS 12882, at *14 (citation omitted). Indeed, as the Sixth Circuit held "declining to apply the first-to-file rule should be done rarely" and is improper

where "the equities do not clearly support" the presence of such "rare" circumstances. *Baatz*, 814 F.3d at 793.

No extraordinary circumstances warrant such an exception here. There is no evidence that Humana has engaged in inequitable conduct or forum shopping. "This is not the classic case where one party has filed an anticipatory suit (usually a declaratory judgment action) in a preferred forum." *Id*. at 792. Rather, like the defendant in *Baatz*, Humana and Cotiviti merely seek "to minimize costs by aggregating all claims in a single action. [Humana and Cotiviti] [are] the defendant[s] in both cases; [they] did not choose where [they] would be sued, or by whom." *Id*. This is plainly not a rare case in which the Court should deviate from the first-to-file rule.

### C.    This Action Should Be Stayed Until the *Farmer* Class Action is Resolved, or Alternatively, Transferred to the Middle District of Florida.

If a district court determines that the first-to-file rule applies, among various options, "it may exercise its discretion to stay the suit before it." *See Baatz*, 814 F.3d at 793-95 (noting that staying the second-filed action was "probably the most reasonable course of action"). Staying the case would further judicial economy by ensuring that the Court and the parties only devote time and resources to those issues that are not resolved in the first-filed *Farmer* Class Action, if any. *See Hubbard*, 2019 U.S. Dist. LEXIS 199383, at *20 ("Thus, the Court will stay this case and resume adjudication of the issues if any remain after the completion of the [first-filed] litigation. To the extent that decisions made by the Southern District of New York are not determinative of all of the issues present herein, Plaintiffs may still have them heard in the present case at such time as that action is concluded"). *See also Heyman,* 781 Fed. App'x at 478 (finding that district court should have stayed second-filed action under first-to-file rule); *Crestwood Farm Bloodstock, LLC v. Everest Stables, Inc.*, No. 5:09-CV-317-KKC, 2010 U.S Dist. LEXIS 1028 (E.D. Ky. Jan. 7 2010) (staying second-filed action under the first-to-file rule).

Alternatively, the Court should transfer this case to the Middle District of Florida to avoid duplicative litigation involving the same issues between the same parties. *See Caraboolad*, 2020 U.S. Dist. LEXIS 12882, at \*15 (transferring claim to court in which the earlier-filed action is pending upon finding the first-to-file rule applicable); *Paige*, 2018 U.S. Dist. LEXIS 243455, at \*9 (same); *Reese v. Carmichael*, No. 1:20-cv-886, 2021 U.S. Dist. LEXIS 55996, at \*9 (S.D. Ohio Mar. 24, 2021) (same).

Regardless, the first-to-file rule plainly applies here, and therefore, the first-filed *Farmer* Class Action should proceed to judgment. *Baatz*, 814 F.3d at 789.

## IV.    CONCLUSION

For the foregoing reasons, and in the interests of justice, Humana and Cotiviti request that the Court stay this action, or, in the alternative, transfer this action to the Middle District of Florida.

Dated:  July 16, 2021                                  Respectfully Submitted,

*/s/ Robert T. Razzano*                              */s F. Maximilian Czernin*
Robert T. Razzano                                    F. Maximilian Czernin
Email: rrazzano@bakerlaw.com          Email: max.czernin@squirepb.com
BAKER & HOSTETLER LLP                  SQUIRE PATTON BOGGS (US) LLP
312 Walnut Street, Suite 3200            201 E. Fourth Street, Suite 1900
Cincinnati, Ohio 45202-4074               Cincinnati, OH 45202
Telephone:  (513) 929-3400                 Telephone: (513) 361-1200
Facsimile:   (513) 929-0303                  Facsimile: (513) 361-1201

**ATTORNEY FOR DEFENDANT COTIVITI, INC.**          **ATTORNEY FOR DEFENDANT HUMANA INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

/s/ F. Maximilian Czernin
F. Maximilian Czerni