IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JANIE SEGARS, on behalf of herself and Others similarly situated, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:21-cv-00342 |
| HUMANA INC. | § § § | |
| and | § § | |
| COTIVITI, INC. | § § § | |
| Defendants. | § § | |

**DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION TO TRANSFER UNDER THE FIRST-TO-FILE RULE**

Defendants Humana Inc. ("Humana") and Cotiviti, Inc. ("Cotiviti") (together, "Defendants") hereby respectfully request that the Court briefly stay this action, including Defendants' answer deadline, pending the resolution of Defendants' Joint Motion to Stay or, Alternatively, Transfer Pursuant to the First-to-File Rule (the "Joint Motion"). ECF No. 18. An earlier-filed, substantially similar class action is already pending in the Middle District of Florida. *Farmer v. Humana Inc., et al.*, Case No. 8:21-cv-01478 (M.D. Fla.) (the "*Farmer* Class Action"). As explained in the Joint Motion, both the instant action and the first-filed *Farmer* Class Action involve identical issues between nearly identical parties. The Joint Motion, if granted, would therefore obviate the need for further proceedings before this Court until the *Farmer* Class Action is resolved, conserving both the Court's and the parties' resources from duplicative litigation in separate venues and precluding the risk of inconsistent rulings.

I.      ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Beshear ex rel. Ky. v. Volkswagen Grp. of Am., Inc.*, No. 16-cv-27-GFVT, 2016 U.S. Dist. LEXIS 68543, at *21 (E.D. Ky. May 25, 2016).

Consistent with this broad discretion, district courts within the Sixth Circuit routinely stay litigation pending resolution of a motion to transfer. *See, e.g., Beshear ex rel. Ky.*, 2016 U.S. Dist. LEXIS 68543, at *5 (staying case pending the resolution of whether the action should be transferred to a consolidated multidistrict litigation); *Fox v. DePuy Orthopaedics, Inc.,* No. 3:11-cv-387, 2011 U.S. Dist. LEXIS 140489, at *5 (W.D. Ky. Dec. 2, 2011) (holding that a stay pending resolution of transfer appropriate, as otherwise there would be "unnecessarily duplicate work" and potential for "inconsistent results"); *Espey & Assocs. v. Principal Mfg. Corp.*, No. 1:08-CV-2117, 2009 U.S. Dist. LEXIS 6693, at *9-10 (N.D. Ohio Jan. 15, 2009) (staying litigation pending resolution of first-filed motion).[1]

Courts in the Sixth Circuit consider three factors in determining whether to issue a stay: "(1) the interests of judicial economy (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party". *Beshear ex rel. Ky.*, 2016 U.S. Dist. LEXIS 68543, at *21. Here, the relevant factors all weigh in favor of staying these

---

[1] *See also B.E. Tech., LLC v. Sony Computer Entm't Am., LLC*, No. 2:12-cv-02826, 2013 U.S. Dist. LEXIS 25008, at *3 (W.D. Tenn. Feb. 11, 2013) (concluding that staying the proceedings pending resolution of motion to transfer will further "judicial economy and comity.") (citing *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir. 1970) ("Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected . . . .")).

proceedings pending the resolution of the Joint Motion, which will determine the extent to which further proceedings before the Court are necessary.

*First*, staying the proceedings pending the Court's resolution of the Joint Motion would promote judicial economy and efficiency. *See Jones*, 2017 U.S. Dist. LEXIS 229655, at *3; *B.E. Tech., LLC*, 2013 U.S. Dist. LEXIS 25008, at *3. Staying these proceedings now will ensure that the Court allocates its limited time and resources to only resolving issues, if any, that remain following the *Farmer* Class Action and avoids inconsistent results. *See Noble Cty. v. Health*, No. 2:18-cv-1379, 2019 U.S. Dist. LEXIS 11973, at *5 (S.D. Ohio Jan. 24, 2019) (finding that a stay pending the JPML's decision on whether to transfer the case was proper considering "the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated"); *Glazer v. Whirlpool Corp.*, No. 1:08-CV-1624, 2008 U.S. Dist. LEXIS 85799, at *6 (N.D. Ohio Oct. 6, 2008) (granting stay pending resolution of defendant's motion to transfer on the grounds that "the risk of inconsistent pre-trial rulings" and "the possibility of duplicative judicial effort counsels against proceeding" while the motion to transfer is pending); *Gruppo v. Janssen Pharm., Inc.*, No. 1:20-cv-755, 2020 U.S. Dist. LEXIS 216268, at *2 (S.D. Ohio Nov. 18, 2020) (staying all proceedings, including defendant's answer deadline, pending the resolution of motion to transfer, as "[a] full stay will ensure that the Court does not waste judicial resources on duplicative litigation").

*Second*, the balance of hardships weighs heavily in favor of a brief stay, as the potential prejudice to Plaintiff is minimal, if any. Neither Plaintiff nor any of the putative class members will be prejudiced by a momentary stay. This case is in its earliest stages, as neither Defendant has responded to Plaintiff's Complaint and discovery has not yet commenced. *See Glazer*, 2008 U.S. Dist. LEXIS 85799, at *5-6 (finding that a brief stay will not significantly prejudice the

plaintiff, because "[t]he action has not progressed beyond the early stages of litigation, and discovery has only just begun"). Indeed, if the Joint Motion is denied, then "pre-trial proceedings in this Court will recommence and no parties will have been prejudiced, nor any time and effort wasted, in the interim." *Id*. at *6.

***Third***, by contrast, Defendants will plainly be burdened by litigating duplicative class actions in two separate courts—particularly if their Joint Motion is granted. Indeed, Defendants would suffer irreparable injury if they were required to expend time and resources filing largely duplicative responsive pleadings and conducting expensive, complex discovery in two separate jurisdictions, as their efforts would be rendered superfluous should the Court grant their Joint Motion. *See Glazer*, 2008 U.S. Dist. LEXIS 85799, at *5-6 (finding that "[a] decision to deny the stay would prejudice the Defendant, however, because [Defendant] would be required to engage in extensive overlapping discovery simultaneously in different fora"); *Noble Cty.*, 2019 U.S. Dist. LEXIS 11973, at *5-6 (finding that a stay pending a motion to transfer was appropriate, "the efforts of the courts and litigants may be needlessly repeated" if it proceeded while the motion was pending, and "[t]his duplicative litigation could cause hardship and inequity to the moving party"); *Bates v. P&G Mfg. Co.*, No. 09-2144-JPM-tmp, 2009 U.S. Dist. LEXIS 141655, at *4 (W.D. Tenn. May 18, 2009) (holding that "Defendants could be unduly burdened if the case was not stayed because they would potentially be subject to duplicative discovery," which would "also waste judicial resources").

In sum, the potential waste of judicial resources and undue burden on Defendants plainly militate against proceeding while the Court considers the Joint Motion. On the other hand, a brief stay of the matter at this early stage will not prejudice either Plaintiff or any of the putative class members.

## II.   CONCLUSION

For the foregoing reasons, Defendants request that the Court briefly stay this action pending the Court's determination of whether this action, as the second-filed and duplicative action, should be stayed pending the resolution of the first-filed *Farmer* Class Action pending in the Middle District of Florida.

Dated:  July 16, 2021                                                                Respectfully Submitted,

| | |
|---|---|
| */s/ Robert T. Razzano* | */s/ F. Maximilian Czernin* |
| Robert T. Razzano | F. Maximilian Czernin |
| Email: rrazzano@bakerlaw.com | Email: max.czernin@squirepb.com |
| BAKER & HOSTETLER LLP | SQUIRE PATTON BOGGS (US) LLP |
| 312 Walnut Street, Suite 3200 | 201 E. Fourth Street, Suite 1900 |
| Cincinnati, Ohio 45202-4074 | Cincinnati, OH 45202 |
| Telephone:  (513) 929-3400 | Telephone: (513) 361-1200 |
| Facsimile:  (513) 929-0303 | Facsimile: (513) 361-1201 |
| **ATTORNEY FOR DEFENDANT COTIVITI, INC.** | **ATTORNEY FOR DEFENDANT HUMANA INC.** |

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on July 16, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                                                               */s/ F. Maximilian Czernin*
                                                               F. Maximilian Czerni