IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JANIE SEGARS, on behalf of herself and Others similarly situated, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:21-cv-00342 |
| HUMANA INC. | § § | |
| and | § § | |
| COTIVITI, INC. | § § | |
| Defendants. | § § | |

**DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO STAY OR, ALTERNATIVELY, TRANSFER PURSUANT TO THE FIRST-TO-FILE RULE**

Prevailing Sixth Circuit authority dictates that the *Farmer* Class Action, as the first-filed action, should have priority over the instant action. Plaintiff's Opposition to Defendants' Joint Motion to Stay or, Alternatively, to Transfer Pursuant to the First-to-File Rule (the "Opposition") concedes as much, but nevertheless urges the Court to adopt an approach that is inconsistent with the overwhelming majority of courts in the Sixth Circuit. Plaintiff argues that the instant *Segars* Class Action should be considered the earlier-filed action, because the *Farmer* Class Action was not removed to the Middle District of Florida until ***after*** Plaintiff filed her complaint in the instant action. Plaintiff is incorrect.

The Sixth Circuit has expressly stated that the relevant date for purposes of the first-to-file rule is the date on which ***the original complaint was filed***. Moreover, nearly every other court within the Sixth Circuit has held that where the original complaint is initially filed in state court and subsequently removed to federal court, the date on which the state court complaint was filed

is controlling. Plaintiff's position, if adopted by the Court, would upend decades of well-settled law and contravene considerations of judicial economy and avoidance of conflicting rulings that underpin the first-filed rule.

Plaintiff's accusations of forum shopping are likewise meritless. Humana Inc. ("Humana") and Cotiviti, Inc. ("Cotiviti) are **Defendants** in both cases and did not decide where or when they would be sued. Moreover, courts in the Sixth Circuit have held that the conduct alleged by Plaintiff does not provide any basis for disregarding the first-to-file rule, which applies absent "exception[al]" or "rare" instances. Plaintiff does not (and cannot) show that such extraordinary circumstances are present here.

Finally, Plaintiff's argument in support of transferring, rather than staying, the instant second-filed action is likewise baseless. Plaintiff fails to demonstrate why this Court should deviate from other courts in this District that have stayed later-filed actions upon applying the first-to-file rule. Accordingly, the Court should grant Defendants' Joint Motion to Stay or, Alternatively, to Transfer Pursuant to the First-to-File Rule ("Defendants' Motion") and stay these proceedings pending the resolution of the earlier-filed *Farmer* Class Action.

I. **LEGAL ARGUMENT**

  A. **Courts in the Sixth Circuit Overwhelmingly Hold That When the State Court Complaint was Filed is the Dispositive Date for the First-to-File Rule.**

All three factors considered by the Sixth Circuit in determining whether to apply the first-to-file rule weigh in favor of allowing the first-filed *Farmer* Class Action to proceed to judgment.[1] Plaintiff concedes outright that there is "similarity of Defendants, proposed classes, and of issues between this action and the *Farmer* Action" and challenges only the chronology-of-the-events

---

[1] The three factors considered are: "(1) the chronology of the events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016).

factor.  Opp. at 3.  This single factor disputed by Plaintiff considers "the chronology of the filings in the two cases."  *Baatz*, 814 F.3d at 790.  Citing a single case, Plaintiff's Opposition contends that "[t]he more persuasive authorities" hold that the date on which the *Farmer* Class Action was ***removed*** to federal court, rather than the date on which the complaint was ***filed***, is controlling for purposes of the first-to-file rule.  Opp. at 1.  Plaintiff's Opposition fails to acknowledge, however, that the vast majority of courts in the Sixth Circuit have expressly rejected this very argument.

Binding Sixth Circuit precedent unambiguously holds that "[t]he dates to compare for chronology purposes of the first-to-file rule are ***when the relevant complaints are filed***."  *Baatz*, 814 F.3d at 790 (emphasis added); *see also Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 476 (6th Cir. 2019) ("In examining the chronology of events, the appropriate dates to consider are when the relevant complaints are filed") (internal quotation marks and citation omitted); *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 F. App'x 433, 437 (6th Cir. 2001) ("For purposes of first-to-file chronology, the date that an ***original complaint*** is filed controls") (emphasis added).  As the Sixth Circuit explained in *Baatz*, the date of the complaint's filing is controlling because the "the 'chronology of events' factor simply asks which of the two overlapping cases was ***filed*** first."  *Baatz*, 814 F.3d at 790 (emphasis added).

Consistent with this holding, nearly every district court in the Sixth Circuit that has considered the issue has held "[u]nder the first-to-file rule, the date that the original complaint is filed controls, and ***where the original complaint was filed in state court and then removed to federal court, the Court should refer to the date the complaint was filed in state court.***"  *Outdoor Venture Corp. v. Ronald Mark Assocs.*, No. 13-11-DLB, 2013 U.S. Dist. LEXIS 68993, at *36 (E.D. Ky. May 15, 2013) (citing *Zide Sport Shop of Ohio, Inc.*, 16 F. App'x at 437) (emphasis added); *see also Aluminum Banking Co. v. Callery/Conway/Mars HV, Inc.*, No. 06-12038, 2006

U.S. Dist. LEXIS 53459, at *5 (E.D. Mich. Aug. 2, 2006) (noting that "***every court*** to consider [the] question of [whether the state court filing date or the removal date is relevant for purposes of the first-to-file rule] ***has held that the date the case was filed in state court is the relevant date***" and collecting cases) (emphasis added). The date of removal is wholly irrelevant for purposes of the first-to-file rule, and courts in the Sixth Circuit routinely reject Plaintiff's alternative approach. *See also Innovation Ventures, L.L.C. v. Custom Nutrition Labs., L.L.C.*, 534 F. Supp. 2d 754, 756 (E.D. Mich. 2008) ("[T]he date the removed action was filed in state court is the controlling date to determine which of two actions has priority. The date of removal is immaterial").[2]

Plaintiff's argument rests entirely on a single, decade-old decision in which the court concluded that the removal date was the relevant date, as the first-to-file rule only applies to overlapping cases pending in federal courts, and therefore would have been inapplicable had removal not occurred. *Steel Corp. v. Jermax, Inc.*, No. 1:09cv620, 2010 U.S. Dist. LEXIS 159824, at *5 (S.D. Ohio May 17, 2010). Defendants are unaware of any court adopting or otherwise citing with approval the holding in *Steel Corp.* And more recent opinions from district courts in the Sixth Circuit have reached opposite conclusions, correctly looking to the date on which the state court complaint was filed in evaluating the chronology of two overlapping cases. *See Castro*, 2021 U.S.

---

[2] *See also Castro v. Fire Door Sols., LLC*, No. 3:20-cv-00753, 2021 U.S. Dist. LEXIS 106303, at *12 n.6 (M.D. Tenn. June 7, 2021) ("'the date the removed action was filed in state court is the controlling date to determine which of two actions has priority' under the first-to-file rule") (quotation omitted); *Mack Indus. of Kalamazoo, LLC v. J3 Eng'g Grp., LLC*, No. 1:18cv1806, 2018 U.S. Dist. LEXIS 195109, at *11 (N.D. Ohio Nov. 15, 2018) (stating for purposes of the first-to-file rule "[t]he fact that the initial case was filed in Wisconsin state court, as opposed to federal court, is immaterial"); *Mj Acquisitions, Inc. v. SMS Ltd.*, No. 09-13721, 2009 U.S. Dist. LEXIS 142124, at *8 n.2 (E.D. Mich. Dec. 30, 2009) ("the date the complaint was filed in the state court is the date used to determine which case was filed first for purposes of the first-to-file rule.").

Dist. LEXIS 106303, at *12 n.6; *Mack Indus. of Kalamazoo, LLC*, 2018 U.S. Dist. LEXIS 195109, at *11; *Outdoor Venture Corp.*, 2013 U.S. Dist. LEXIS 68993, at *36.[3]

The minority view expressed in *Steel Corp.* is wholly inconsistent with the Sixth Circuit's holding that "the date that an **original complaint** is filed controls" for purposes of the chronology-of-the-events factor. *Zide Sport Shop of Ohio, Inc.*, 16 F. App'x at 437. Where a case is initially filed in state court and subsequently removed to federal court, there is only one "date that an original complaint is filed"—the date on which the complaint is filed in state court. Moreover, even assuming, as Plaintiff claims, that the rule should be applied to prevent "forum shopping" by defendants, that would only further militate in favor of measuring the order of cases by filing date rather than removal date. A defendant has control over the timing of removal within the 30-day statutory period but has no control over the timing of a complaint in the first instance, regardless of forum.

Another judge in this District rejected arguments similar to those raised in Plaintiff's Opposition. In *Hubbard v. Papa John's Int'l*, plaintiffs sought to circumvent the first-to-file rule by arguing that "the first court is not the court in which claims were first filed, but rather the court in which jurisdiction first attaches to the claims." No. 5:19-CV-22, 2019 U.S. Dist. LEXIS 199383, at *8 (W.D. Ky. Nov. 15, 2019). In rejecting the argument, Senior Judge Russell reasoned that "[t]he Sixth Circuit has held that '[t]he dates to compare for chronology purposes of the first-to-file rule are when the relevant complaints are filed.'" *Id*. (quoting *Baatz*, 814 F.3d at 790). "Jurisdictional issues are not considered in this inquiry . . . Rather, the 'chronology of events'

---

[3] Moreover, *Steel Corp.* is factually inapposite. There, the defendant-movant seeking dismissal of the second-filed action under the first-to-file rule was the plaintiff in the first-filed action. *See Steel Corp.*, 2010 U.S. Dist. LEXIS 159824, at *2-3. Here, Humana and Cotiviti are defendants in both the instant action and the first-filed *Farmer* Class Action.

factor simply asks which of the two overlapping cases was filed first." *Id*. (internal quotation marks and citations omitted).

The Court should likewise reject Plaintiff's similar arguments. The sole inquiry is "which of the two overlapping cases was filed first." *Id*. The answer is plainly the *Farmer* Class Action.

**B.     No Equitable Considerations Militate Against Applying the First-to-File Rule.**

Although courts may decline to apply the first-to-file rule where equitable considerations weigh against its application, such as where there is evidence of "inequitable conduct, bad faith, anticipatory suits, or forum shopping," *Baatz*, 814 F.3d at 792, Plaintiff's attempt to manufacture such considerations is unavailing. Notably, the Sixth Circuit has instructed that "***deviations from the rule should be the exception, rather than the norm***" and "declining to apply the first-to-file rule should be done ***rarely***." *Id*. at 792-93 (emphasis added); *see also Caraboolad v. Sun Tan City*, No. 3:19-CV-00444-CRS, 2020 U.S. Dist. LEXIS 12882, at *14 (W.D. Ky. Jan. 24, 2020) (noting that declining to apply the first-to-file rule where all three factors are satisfied should be the "exception, rather than the norm"). Accordingly, refusing to apply the first-to-file rule is ordinarily only proper where, for instance, a party has filed an anticipatory suit, usually in the form of a declaratory judgment action, in a preferred forum. *Baatz*, 814 F.3d at 792. That is not the case here.

Seeking to avoid a transfer or stay of the proceedings, Plaintiff accuses Defendants of forum shopping, arguing that Defendants are invoking the first-to-file rule in order to litigate in a more preferable forum. Opp. at 5. Although Plaintiff's Opposition is devoid of any facts supporting her assertion, even if true, it ***does not*** establish forum shopping or inequitable conduct that counsel against application of the first-to-file rule. The reason for this is simple: "[f]orum shopping occurs when a litigant selects a forum with only a slight connection to the factual

circumstances of his action, or where forum shopping alone motivated the choice." *Emps. Ret. Sys. v. Jones*, No. 2:20-cv-04813, 2020 U.S. Dist. LEXIS 240008, at *9 (S.D. Ohio Dec. 21, 2020) (finding no evidence of forum shopping under the first-to-file rule). The court in *Emps. Ret. Sys.* rejected the same argument put forth by Plaintiff here. *See id*. There, defendants sought a stay of the case under the first-to-file rule pending the resolution of a motion to dismiss filed in an overlapping, earlier-filed case. *Id*. at *5. Like Plaintiff here, the *Emps. Ret. Sys.* plaintiffs accused defendants of forum shopping, arguing that the defendants were "plaintiff shopping" and preferred to litigate the "relatively inferior complaint" in the earlier-filed action. *Id*. at *8. The court found that such an action did not encompass "the type of forum shopping the first-to-file rule aims to prevent." *Id*. at *8-9. It noted that the parties each had "legitimate strategic reasons" for preferring one forum over the other, that each forum was substantially connected to the facts of the case, and therefore did not find an "improper or unethical motivation" sufficient to hold that either party engaged in forum shopping. *Id*. at *9.

Indeed, the court's determination in *Emps. Ret. Sys.* is consistent with Sixth Circuit precedent, which has held that the fact that the forum of a first-filed action may have "some tactical advantage" for the moving party does not suggest an improper motive sufficient for a court to disregard the first-to-file rule. *Baatz*, 814 F.3d at 793. Thus, even if Plaintiff could establish that the venue in the *Farmer* Class Action is strategically advantageous to Defendants, such a preference would not amount to forum shopping or otherwise inequitable conduct that renders this an "exception[al]" and "rare" case that warrants deviating from the first-to-file rule. *Id*. at 792-93.

In any event, Plaintiff's argument that Defendants are engaging in forum shopping is nonsensical. Humana and Cotiviti are **defendants** in both litigations; they did not select the forum in either case. *Baatz*, 814 F.3d at 792 ("[Defendants] did not choose where [they] would be sued,

or by whom"). Nor did Defendants choose **when** they would be sued. To the contrary, Plaintiffs' counsel in both cases maintained sole and complete discretion over when and where to file the original complaints. In other words, Defendants did not have any control over which of the two cases should have priority. That Defendants have now "taken steps to ensure that all issues are litigated in a single case" (*i.e.*, the first-filed case) is hardly indicative of any improper motive that warrants disregarding the first-to-file rule. Moreover, declining to apply the first-to-file rule here would frustrate the principal purpose of the rule to "conserve[] judicial resources by minimizing duplicative or piecemeal litigation, and protect[] the parties and the courts from the possibility of conflicting results." *Id*. at 789.

Because all three of the first-to-file factors are satisfied, and there are no exceptional circumstances or other considerations that militate against applying the first-to-file rule, the Court should grant Defendants' Motion and stay the instant action pending the resolution of the first-filed *Farmer* Class Action. *See id.*

### C. Plaintiff's Opposition Provides No Basis for Transferring This Action to the Middle District of Florida.

Plaintiff does not (and cannot) dispute that the Court has the discretion to stay the instant action pending the resolution of the *Farmer* Class Action. Indeed, courts in the Sixth Circuit routinely stay proceedings under the first-to-file rule. *See Heyman*, 781 F. App'x at 478 (holding that the "district court should have held the [second-filed] matter in abeyance pending final resolution of [first-filed] litigation"); *Hubbard*, 2019 U.S. Dist. LEXIS 199383, at *20 (staying case under the first-to-file rule pending the resolution of the first-filed action); *Crestwood Farm Bloodstock, LLC v. Everest Stables, Inc.*, No. 5:09-cv-317-KKC, 2010 U.S. Dist. LEXIS 1028, at *14 (E.D. Ky. Jan. 7, 2010) (same). Plaintiff's Opposition initially argued that if the Court finds the first-filed rule applies to this litigation, the case should be transferred to the Middle District of

Florida instead of being stayed based on the purported inadequacies of the plaintiff's counsel in *Farmer*. Dkt.#: 25-2, at 6. However, with the Substituted Opposition, Plaintiff eliminated this sole basis on which she argued the action should be transferred. The Court should therefore stay these proceedings pending the resolution of the *Farmer* Class Action.

## II. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Joint Motion to Stay or, Alternatively, Transfer Pursuant to the First-to-File Rule and stay these proceedings pending the resolution of the first-filed *Farmer* Class Action.

Dated: August 19, 2021                                         Respectfully Submitted,

| | |
|---|---|
| */s/ Robert T. Razzano* | */s/ F. Maximilian Czernin* |
| Robert T. Razzano | F. Maximilian Czernin |
| Email: rrazano@bakerlaw.com | Email: max.czernin@squirepb.com |
| BAKER & HOSTETLER LLP | SQUIRE PATTON BOGGS (US) LLP |
| 312 Walnut Street, Suite 3200 | 201 E. Fourth Street, Suite 1900 |
| Cincinnati, Ohio 45202-4074 | Cincinnati, OH 45202 |
| Telephone: (513) 929-3400 | Telephone: (513) 361-1200 |
| Facsimile: (513) 929-0303 | Facsimile: (513) 361-1201 |
| | |
| **ATTORNEY FOR DEFENDANT COTIVITI, INC.** | **ATTORNEY FOR DEFENDANT HUMANA INC.** |

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 19, 2021, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                                                                     */s/ F. Maximilian Czernin*