UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JANIE SEGARS, ET AL                                                         Plaintiffs

v.                                                                       Civil Action No. 3:21-cv-342-RGJ

HUMANA INC, ET AL                                                       Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

      Defendants Humana Inc. ("Humana") and Cotiviti, Inc. ("Cotiviti") (collectively, "Defendants") jointly move to stay the proceedings, or alternatively transfer, under the first-to-file rule. [DE 18]. Plaintiff Janie Segars ("Segars"), on behalf of herself and others similarly situated ("Plaintiffs") responded [DE 24], and Defendants replied. [DE 28]. Defendants also filed a notice of decision in first-filed action. [DE 29]. This matter is ripe. For the reasons below, Defendant's Joint Motion to Stay [DE 18] is **GRANTED**.

### I.     BACKGROUND[1]

      Humana is a health insurance provider. [DE 1 at 4]. It maintains records with medical and personal information associated with its customers. [*Id.*]. Humana has a "business arrangement" with Cotiviti where "Cotiviti provides systems that allow Humana to contact health care providers and request medical records." [*Id.*]. Cotiviti subcontracted with Visionary Medical Systems, Inc. ("Visionary").[2] [*Id.*]. In 2020, Visionary uploaded some of Humana's customers' private medical and personal information on a publicly accessible Google Drive account. [*Id.* at 1, 5]. The individual and a proposed class of plaintiffs were customers of Humana whose

---

[1] The following background is taken from the Complaint. [DE 1].
[2] Plaintiffs refer to Visionary as a defendant in the complaint, but Visionary is not a named defendant, is not in the caption and has not been served.

information was on this Google Drive. [*Id.* at 7-8]. Humana sent Segars a letter in March 2021 notifying her of the data upload. [*Id.* at 5-6; DE 1-1].

Plaintiffs filed this suit on May 26, 2021, bringing three counts against Defendants: invasion of privacy, negligence, and breach of implied contract. [DE 1 at 11-16]. Defendants now move to stay the action pending the outcome of another suit, arguing the first-to-file rule applies. [DE 18].

## II.     STANDARD

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001). "[W]hen actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). The first-to-file rule "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). In the Sixth Circuit, courts apply the first-to-file rule by evaluating three factors: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.* "If these three factors support application of the rule, the court must also determine whether any equitable considerations such as evidence of 'inequitable conduct, bad faith, anticipatory suits, [or] forum shopping,' merit not applying the first-to-file rule in a particular case." *Id.* (quoting *Certified Restoration Dry Cleaning Network, L.L.C.*, 511 F.3d at 551–52). When a district court ultimately finds the first-to-file rule applicable, the court "may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to

enjoin the parties from proceeding in the other suit." *Id.* at 793 (quoting *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)).

### III. DISCUSSION

Pursuant to the first-to-file rule, Defendants request the Court stay the proceedings pending the outcome of a case filed in the Middle District of Florida ("*Farmer*").[3] [DE 18 at 74]. Alternatively, Defendants ask the court to transfer this case to the Middle District of Florida. [DE 18 at 74, 86]. Defendants argue that *Farmer* was filed first, has substantially similar parties and issues, and no equitable considerations apply here to prevent the Court from applying the first-to-file rule. [*Id.* at 74-75, 84-85]. Plaintiffs do "not dispute that there are similarity of Defendants, proposed classes, and of issues between this action and [*Farmer*]," but argue that this case should proceed because Defendants removed *Farmer* after Plaintiffs filed the instant action, and thus *Farmer* was not filed first in federal court. [DE 24 at 138, 140]. Plaintiffs also argue Defendants are forum-shopping, tipping the balance of equities in favor of denying Defendants' motion. [*Id.* at 139]. Thus, the only issues here are chronology and equity.

*1. Chronology*

The Sixth Circuit has held that "[t]he dates to compare for chronology purposes of the first-to-file rule are when the relevant complaints are filed." *Baatz*, 814 F.3d at 790. "Jurisdictional issues are not considered in this inquiry." *Hubbard v. Papa John's Int'l, Inc.*, No. 5:19-CV-22-TBR, 2019 WL 6119242, at *3 (W.D. Ky. Nov. 18, 2019). Rather, "the 'chronology of events' factor simply asks which of the two overlapping cases was filed first." *Baatz*, 814 F.3d at 790. *Farmer* was filed in state court May 6, 2021. [DE 18 at 76; DE 24 at 140]. Plaintiffs filed the

---

[3] *Farmer v. Humana, Inc. et al.*, No. 8:21-cv-01478 (M.D. Fla.). Defendants' notice of decision [DE 29] has attached an order in *Farmer* in which the Middle District of Florida denied in part Defendants' motion to dismiss, allowing that case to proceed. [DE 29-1].

3

instant action on May 26, 2021. [DE 1]. Since *Farmer* was filed approximately 20 days before this case, this factor supports applying the first-to-file rule. *See, e.g.*, *Outdoor Venture Corp. v. Ronald Mark Assocs., Inc.*, No. CIV.A. 13-11-DLB, 2013 WL 2147854, at *12 (E.D. Ky. May 15, 2013) ("the date of filing in state court is the relevant benchmark" (internal citation omitted)); *Castro v. Fire Door Sols., LLC*, 542 F. Supp. 3d 771, 778 n. 6 (M.D. Tenn. 2021) (state court filing date controlled and date of removal was irrelevant); *and Aluminum Banking Co. v. Callery/Conway/Mars HV, Inc.*, No. CIV. 06-12038, 2006 WL 2193007, at *2 (E.D. Mich. Aug. 2, 2006) (collecting cases).[4] Since the chronology factor supports applying the first-to-file rule and Plaintiffs do not contest the other two factors, each of the three factors applies and the first-to-file rule presumptively applies. *See Baatz*, 814 F.3d at 789 (where all three factors are satisfied, "the first-to-file rule presumptively applies").

    2. *Equity*

The Court "must also determine whether any equitable considerations such as evidence of 'inequitable conduct, bad faith, anticipatory suits, [or] forum shopping,' merit not applying the first-to-file rule." *Id.* (quoting *Certified Restoration Dry Cleaning Network, L.L.C.*, 511 F.3d at 551–52). "However, deviations from the rule should be the exception, rather than the norm." *Id.* at 792. Plaintiffs argue that Defendants are forum-shopping, because they could have chosen to

---

[4] While a few Sixth Circuit cases have ultimately ruled the other way on this issue, the more recent case law cited in the paragraph, including *Baatz* (a Sixth Circuit case from 2016), are more persuasive to the Court. Such older case law, ruling opposite to the Court, includes *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004) ("the first-file rule only applies to two cases filed in separate federal courts"); *AK Steel Corp. v. Jermax, Inc.*, No. 1:09CV620, 2010 WL 11538475, at *2 (S.D. Ohio May 17, 2010) ("Based upon the fact that the removal occurred after this matter was filed, this Court will consider this factor to weigh against the application of the rule."); *and Sault Ste. Marie Tribe of Chippewa Indians v. Hamilton*, No. 2:09-CV-95, 2010 WL 299483, at *5 (W.D. Mich. Jan. 20, 2010) (first-to-file rule not applicable since the first filed case was pending in a state court).

proceed in federal court with either this case or *Farmer*, and by removing *Farmer* to federal court, they have selected that venue. [DE 24 at 139].

"Forum shopping occurs 'when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice.'" *Emps. Ret. Sys. of City of St. Louis v. Jones*, No. 2:20-CV-04813, 2020 WL 7487839, at *3 (S.D. Ohio Dec. 21, 2020) (quoting *Dress v. Cap. One Bank (USA), N.A.*, 368 F. Supp. 3d 178, 184 (D. Mass. 2019)).[5]  When a defendant makes a strategic litigation decision, like the one here, it will "likely [have] some tactical advantages," but that alone "does not necessarily suggest an improper motive." *Baatz*, 814 F.3d at 793. Defendants "did not choose where [they] would be sued, or by whom." *Id.* at 792. As defendants in the action, Humana and Cotiviti could not and did not engage in forum-shopping. As there is no other evidence of inequitable considerations, no equitable considerations meriting a deviation from the first-to-file rule.

Therefore, as all three *Baatz* factors support applying the first-to-file rule and equitable considerations apply, the Court will thus exercise its discretion in applying the first-to-file rule and stay this suit pending the outcome of *Farmer*. *Id.* at 793. The Court will "resume the adjudication of the issues if any remain after the completion of the [*Farmer*] litigation." *Hubbard*, 2019 WL 6119242, at *6.

---

[5] The Sixth Circuit has explained "the classic case" of forum-shopping is one "where one party has filed an anticipatory suit (usually a declaratory judgment action) in a preferred forum." *Baatz*, 814 F.3d at 792; *see also Certified Restoration Dry Cleaning Network, L.L.C.*, 511 F.3d at 552; *and AmSouth Bank v. Dale*, 386 F.3d at 791 n. 8. This case is not an anticipatory suit and not a classic case of forum-shopping.

## IV. CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Defendants' Joint Motion to Stay [DE 18] is **GRANTED**.

(2) The parties shall notify this Court within 20 days of the completion of *Farmer v. Humana, Inc. et al.*, No. 8:21-cv-01478 (M.D. Fla.).

Rebecca Grady Jennings, District Judge
United States District Court

April 28, 2022

Cc: Counsel of record